```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/14/08
```



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MORGAN D. KUNZ
*Assistant Corporation Counsel*
phone: (212) 788-0422
fax: (212) 788-9776
mkunz@law.nyc.gov

April 10, 2008

**BY FAX**
Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

      Re:   Carlos Gagot v. Richard Rodriguez, et. al.,
            08 Civ. 361 (LAP)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the defense of the above referenced case in which the City of New York is not a named defendant. Without appearing or making any representations on behalf of defendants Richard Rodriguez, Geoffrey Lemon, Richard Torres, David Boyle, Marcia Pringle, Charles O'Connor, Fred Sporrer, Eric Wold, and Richard Quintana, as to the adequacy of service or otherwise, I write to respectfully request that their time to respond to the amended complaint in this action be extended for sixty days from April 10, 2008, until June 9, 2008, in order to ensure that their defenses are not jeopardized while representation issues are being decided.[1] Plaintiff is incarcerated and proceeding *pro se*, and I have been unable to confer with him regarding this request; accordingly this application is made directly to the Court.

---

[1] There is no indication whether the other individually named defendants Lorraine Corres, Marcia Abrams, Tashia Diaz, Joseph Shell, Paul Kane, and Agustin Matos have been served with a copy of the summons and complaint. As of this date, no request for representation has been received with respect to these defendants, nor does the docket sheet reflect service on these individuals, and we make no representations herein as to the adequacy of process on them. Without appearing on their behalf, it is respectfully requested that, once they are served, the same extension be granted to them in order to ensure that their defenses are not jeopardized while representation issues are being decided.

So Ordered
*Loretta A. Preska, USDJ*

April 11, 2008

Plaintiff alleges that on December 1, 2006, while he was housed at the Manhattan Detention Complex, he was subjected to excessive force by New York City Correction Officers. Plaintiff also alleges denial of access to the courts. Specifically, plaintiff claims that legal documents were improperly taken from his cell during a search on an unspecified day. Plaintiff claims that on December 1, 2006, he got into an argument with a DOC Captain about the missing legal papers and was then subjected to excessive force. Plaintiff claims that he sustained injuries as result of the incident, and that he has been denied adequate medical care for those injuries.

There are several reasons for seeking an enlargement of time in this matter. First, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Moreover, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the amended complaint. In this case, plaintiff alleges that he was denied access to the courts, subjected to excessive force, and denied adequate medical care. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the amended complaint. Because plaintiff claims that he was injured during the incident, and denied medical care after the incident, it is necessary for our office to obtain plaintiff's medical records from the period in question in order to properly assess the case and respond to the amended complaint. Currently, this office is in the process of forwarding to plaintiff for execution a medical release. This executed release is necessary for our office to obtain the medical records pertaining to plaintiff's alleged injury and treatment.

No previous request for an extension has been made in this action. Accordingly, we respectfully request that defendants' time to respond to the amended complaint be extended for sixty days from April 10, 2008, until June 9, 2008.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Morgan Kunz

Morgan D. Kunz
Assistant Corporation Counsel

cc: Carlos Gagot, plaintiff *pro se*
#349-06-19530, Sing Sing Correctional Facility
354 Hunter Street, Ossining, NY 10562 (By First Class Mail)

2